1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80107-CR-ROSENBERG

UNITED STATES OF AMERICA

vs.

DENNIS POLLARD,

        Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Dennis Pollard (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 2, 3, 4, 5, and 6 of the Indictment, which charges the defendant, in Count 2, with attempted to entice a minor to engage in sexual activity, in violation of Title 18, United States Code, Section § 2422(b), in Count 3, with receipt of child pornography, in violation of Title 18, United States Code, Section § 2252(a)(2) & (b)(1), in Counts 4 and 5, with distribution of child pornography, in violation of Title 18, United States Code, Section § 2252(a)(2) & (b)(1), and in Count 6, with possession of child pornography, in violation of Title 18, United States Code, Section § 2522(a)(4)(B).

2. This Office agrees to seek dismissal of Count 1 of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will

compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges the following penalties as to each count: that as to Count 2, the Court must impose a minimum term of imprisonment of 10 years, may impose a statutory maximum term of imprisonment of up Life, and must impose a term of supervised release to follow of at least five years up to Life; that as to Counts 3, 4 and 5, the Court must impose a minimum term of imprisonment of 5 years, may impose a statutory maximum term of imprisonment of up 20 years, and must impose a term of supervised release to follow of at least five years up to Life; and that as to Count 6, the Court may impose a statutory maximum term of imprisonment of up 20 years, and must impose a term of supervised release to follow of at least five years up to Life. These sentences of imprisonment may be run consecutively, for a total

3

sentence of Life plus 80 years imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 for each count.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to 18 U.S.C. Section 3013, a special assessment in the amount of $100 per count will be imposed on the defendant. The defendant agrees that this special assessment shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 3014, an additional special assessment in the amount of $5,000 will be imposed on the defendant in Counts 2, 3, 4, 5 and 6, to offenses under Chapter 110 and 117 if he is sentenced by September 30, 2021 or if Congress extends the special assessment beyond its current expiration date of September 30, 2021. If the special assessment applies and Defendant is indigent, or otherwise financially unable to pay this special assessment amount, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the Defendant's failure to pay. The defendant agrees that this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal conviction, upon which this special assessment is based.

7. The defendant understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, pursuant to 18 U.S.C. §§ 2259, 2259A and 2429, the Court shall order the defendant to pay restitution because he is pleading guilty to an offense

under Chapters 110 and 117. The parties agree that any restitution ordered by the Court under 18 U.S.C. §§ 2259, 2259A and 2429, shall include defendant's total offense conduct.

8. Pursuant to 18 U.S.C. § 3663A(a)(3), the parties agree that restitution is not limited to counts 2 thought 6, the offenses of conviction in this case. In exchange for the government's decision to dismiss counts 1, and not proceed on additional charges arising out this case involving other potential victims, the defendant agrees to pay restitution to the victims, who are both named and unnamed in the indictment, which represent the full amount of those victims' losses as that term is defined in 18 U.S.C. § 2259(b)(3). The defendant further agrees that restitution is due pursuant 18 U.S.C. § 3663A(c)(1)(A), for offenses and victims other than those he is pleading guilty to, but nonetheless gave rise to this plea agreement.

9. The parties further understand and acknowledge that the amount of restitution the defendant will be ordered to pay will be calculated pursuant to 18 U.S.C. §§ 2259, 2259A and 2429. Specifically, the Court will first determine the full amount of each victim's losses that were incurred or are reasonably projected to be incurred by the victim, as a result of the trafficking of child pornography depicting the victim. The parties understand and acknowledge that, once the full amount of the victim's losses is determined, the Court will then order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. The parties further understand and acknowledge that any individual victim's total aggregate recovery shall not exceed the full amount of that victim's demonstrated losses.

10. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

11. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation

office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

13. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, pursuant to Title 18, United States Code, Section 2253(a):

(a) any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18 of the United States Code;

(b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

(c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

The defendant also agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, pursuant to Title 18, United States Code, Section 2428, (a) his interest in any property, real or personal, used or intended to be used to commit or to facilitate the commission of any violation of this Chapter, and (b) any property, real or personal, that constitutes

or is derived from proceeds traceable to any violation of this Chapter. Further, the defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

14. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

15. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

16. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the

result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

17. Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his/her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. Defendant understands that he shall keep his/her registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Florida following release from prison, defendant will be subject to the registration requirements of Florida law pertaining to sex offender registry.

9

Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

18. As a condition of supervised release, defendant shall initially register with the state sex offender registration in Florida and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

19. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 9/29/2021            By: _____
                                GREGORY SCHILLER
                                ASSISTANT UNITED STATES ATTORNEY

Date: 9/29/21              By: _____
                                SCOTT BERRY
                                ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 9/29/21              By: _____ For Dennis Pollard
                                DENNIS POLLARD
                                DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80107-CR-ROSENBERG

UNITED STATES OF AMERICA

vs.

DENNIS POLLARD,

        Defendant.
_____/

## FACTUAL PROFFER

The United States of America and Dennis POLLARD ("Defendant" or "POLLARD") agree that had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. Defendant, Dennis POLLARD created, operated and controlled the use of Facebook Account dennis.pollard.9279, user #10051572540457 from May 26, 2020 through October 31, 2020, when it was closed by Facebook. During that time, and through this account, the defendant engaged in the attempted solicitation of minors to produce child pornography (also known as child sexual abuse material or "CSAM"), as well as the distribution and receipt of CSAM. The women and children he communicated with were in the Philippines.

2. Specifically, as charged in the Indictment, from September 24, 2020 through September 27, 2020, the defendant used his cellular phone, and an IP address that T-Mobile confirmed was assigned to his phone number, to commit these crimes.

3. In a chat with a Facebook user, whose initials were A.M.D. and account number ended in 6963 (hereinafter "A.M.D."), POLLARD engaged in a master-slave dominant online relationship. During the communication POLLARD knowingly attempted to persuade, induce,

or entice the person he believed to be the mother of a minor child, who was less than 18 years of age, to engage in sexual activity for which any person can be charged with a criminal offense. In furtherance of such, he requested naked photos of A.M.D.'s daughter. In response, A.M.D. sent four (4) naked photographs of a person she identified as her daughter, who appeared to be 4-6 years old (hereinafter "Minor Victim 1" or "MV1"). In the messages, POLLARD spoke sexually about the acts he wanted to commit on MV1. POLLARD demanded more pictures of physical sexual acts with MV1, but A.M.D. could not produce the same, advising her children were in already school. POLLARD then communicated the following:

| Dennis Pollard | 9/24/2020 11:39:40 PM | Infact when daughter get home make video you touch or son penis touch pussy |
| Dennis Pollard | 9/25/2020 1:15:26 AM | Videos?? |
| Dennis Pollard | 9/25/2020 3:22:03 AM | ???!? |
| Dennis Pollard | 9/25/2020 7:23:01 AM | My videos? |
| Dennis Pollard | 9/25/2020 7:25:50 AM | Don't bplay games |
| Dennis Pollard | 9/25/2020 7:27:57 AM | I will block immediately |
| Dennis Pollard | 9/25/2020 7:29:58 AM | Videos you rub daughter pussy |
| Dennis Pollard | 9/25/2020 7:36:47 AM | ??? |
| Dennis Pollard | 9/25/2020 7:58:05 AM | Goodbye will miss you |
| Dennis Pollard | 9/25/2020 8:28:51 AM | You don't love me |
| A.M.D. | 9/25/2020 9:23:12 AM | Ilove you master tomorow i will videotape the children who are asleep |
| Dennis Pollard | 9/25/2020 9:24:30 AM | If you don't I quit bb |
| A.M.D. | 9/25/2020 10:16:12 AM | No master ilove u |

4.  During the communication, A.M.D. sent both clothed and nude "selfies" when POLLARD requested it. A.M.D. also sent CSAM, as defined under federal law, to POLLARD. As charged in Count 3 of the Indictment, on September 25, 2020 at 10:26:47 EST, A.M.D. sent a video of MV1 rubbing her vagina. In response, POLLARD complained this was the same video A.M.D. had previously sent the defendant. A few minutes later, at 10:31:32 POLLARD sent a video of MV1 playing with A.M.D.'s vagina (as charged in Count 4 of the Indictment).

POLLARD later said that if A.M.D. obeyed him, POLLARD would send her 4,781 pesos[1]. A.M.D. then sent pictures and videos of a naked MV1, per POLLARD's request.

5. During this limited 5-day communication period, POLLARD repeatedly and specifically requested for A.M.D. to produce CSAM of her children. In the following communication from September 25-26, 2020, POLLARD requested CSAM of A.M.D. rubbing MV1's vagina. When A.M.D. sent the same, POLLARD asked A.M.D. to insert her tongue into MV1's vagina:

| Dennis Pollard | 11:50:58 PM | Pussy rub pussy? |
|---|---|---|
| Dennis Pollard | 11:53:16 PM | Now |
| Dennis Pollard | 11:53:43 PM | Take inside and do |
| Dennis Pollard | 11:58:01 PM | Tired of telling you over and over |
| Dennis Pollard | 12:34:04 AM | Send me |
| Dennis Pollard | 12:37:17 AM | No games do for me now |
| A.M.D. | 1:28:11 AM | linked_media_unified_message_356877155455305.jpg |
| A.M.D. | 1:28:14 AM | linked_media_unified_message_376830996811252.jpg |
| A.M.D. | 1:28:16 AM | linked_media_unified_message_799312654218157.jpg |
| A.M.D. | 1:30:35 AM | linked_media_unified_message_625903958107823.mp4 |
| A.M.D. | 1:31:23 AM | You missed a call from A.M.D. |
| Dennis Pollard | 1:32:12 AM | Put your tongue in her pussy since don't do what I said |
| Dennis Pollard | 1:32:29 AM | In her pussy with tongue |
| Dennis Pollard | 1:33:17 AM | Not little lick put in her pussy slut |
| Dennis Pollard | 1:33:47 AM | Obey your master I'm sleeping |
| A.M.D. | 1:35:10 AM | Ok do you sleep ilove u master |
| Dennis Pollard | 1:35:45 AM | Love you now obey tongue in pussy |
| A.M.D. | 1:36:55 AM | I am lick pussy daugther |
| Dennis Pollard | 1:37:49 AM | No tongue in pussy slut |

6. POLLARD in fact believed he was communicating with a woman from the Philippines and soliciting that woman to produce CSAM of her children, whom POLLARD in fact believed were real children.

7. In communication with a Facebook user with an account number ending in 7413 (hereinafter "User 7413")which began on September 24, 2020, POLLARD distributed CSAM.

---

[1] Peso is the currency of the Philippines

As charged in Count 5 of the Indictment, on September 25, 2020 at approximately 7:21:35 AM, after engaging in mutual sexual communication with User 7413, POLLARD sent a video of adult using toddler-girls' hand to rub baby's vagina. At approximately 11:48:40, POLLARD sent videos of a toddler playing with adult vagina to User 7413. He continued to distribute more CSAM to User 7413 the next day.

8. Pollard's distribution of CSAM via Facebook was identified by Facebook who passed along the information in early October 2020 to the National Center of Missing and Exploited Children (NMCEC) CyberTip from Facebook. Facebook had reported that POLLARD had transmitted CSAM to another Facebook user who was possibly a minor on September 28, 2020. The image depicted an approximately 10-year-old girl sitting naked with her legs spread and her pubic region as the focus of the image.

9. The Palm Beach County Sheriff's Office (PBSO) received and began investigation this tip in The CyberTip in December 2020. The tip also included POLLARD's basic subscriber information on the account:

```
Name:            Dennis Pollard
Mobile Phone:    5617636974 (Verified)
Date of Birth:   10-**-1953
User Name:       dennis.pollard.9279
User ID:         100051572540457
Upload IP:       2607:FB90:4226:DCC8:F74D:16BE:2BFE:4158
```

10. T-Mobile confirmed the verified 5617636974 phone number in the Facebook account belonged to POLLARD since 2018, and that the IP address used to upload the image was issued to POLLARD's T-Mobile account as well.

11. PBSO executed a State Search Warrant to Facebook for the dennis.pollard.9279 account based upon the Facebook-NCMEC tip for account information and communication

between September 25 and 30, 2020. Facebook returned the search warrant on April 27, 2021 which revealed the account was created with the following information:

| | |
|---|---|
| Name, First Last: | Dennis Pollard |
| Current City: | Pahokee, Florida |
| Phone Numbers: | +1561-763-6974 cell verified on 2020-05-26 |
| Registration Date: | 2020-05-26 |
| Account Disabled: | 2020-10-312 |

12. Facebook provided the original image they had provided NCMEC as well as twelve (12) CSAM files in the account. There were numerous non-pornographic photos matching POLLARD's Florida driver's license photograph. The communication noted above with the Facebook users A.M.D. and User 7413 were recovered, as well as other communication. It was also evident that the communication began before September 25, 2020. A federal search warrant return from Facebook confirmed the same for this and other accounts.

13. During surveillance of POLLARD's residence at 297 W. Main St., Lot 11, Pahokee, Florida, POLLARD was seen sitting on his porch smoking a cigarette. On June 3, 2021, a State residential search warrant, signed by Judge Donald Hafele, was executed at POLLARD's residence. PBSO found POLLARD inside.

14. POLLARD was read his *Miranda* rights on scene and waived the same. POLLARD confirmed his date of birth and that he lived alone at the residence. He confirmed the 561-763-6974 phone number as being his for a long time. He said he was the only person who uses his password-protected phone since July 2020. He advised he only used his cellular phone to access the Internet. PBSO located this phone on POLLARD's nightstand. Aside from POLLARD's phone, other digital devices were seized. Moreover, PBSO found dozens of CD/DVDs in the living room / kitchen area.

---

2 The account was disabled by Facebook after they reported the tip to NCMEC.

15. When asked about social media accounts, POLLARD only admitted to previously using Facebook, but no more. He said it had been a while since he had Facebook and did not want it anymore. When POLLARD asked why PBSO was at his residence, the detective advised it was because his Facebook account was shut down. POLLARD responded he didn't know if it was shut down, because he has not tried to use it in a while.

16. As to Count 6 of the Indictment, an examination by PBSO of POLLARD's phone revealed nineteen (19) video files of prepubescent minor children under 5 years' of age engaged in sexual acts. Several of those matched the photographs from the Facebook records noted above. Ten (10) of the CD/DVDs found in POLLARD's residence contained CSAM images including oral copulation, masturbation and vaginal penetration of naked girls from as young as approximately 3 years old.

17. Based upon these facts and other information known to the parties, the defendant agrees that had this case gone to trial the government would have been able to prove beyond a reasonable doubt, as to Count 2 of the Indictment that POLLARD attempted to entice a minor to engage in sexual activity, in violation of Title 18, United States Code, Section 2422(b), such that:

   a. the defendant knowingly intended to persuade, induce, or entice, Minor Victim 1 to engage in sexual activity, as charged;

   b. the defendant used a cellular phone and the Internet to do so;

   c. when the defendant did these acts, the defendant believed that Minor Victim 1 was less than 18 years old;

   d. if the sexual activity had occurred, one or more of the individuals engaging in sexual activity could have been charged with a criminal offense under the law of Florida; and

   e. the defendant took a substantial step towards committing the offense.

18. Based upon these facts and other information known to the parties, the defendant

agrees that had this case gone to trial the government would have been able to prove beyond a reasonable doubt, as to Count 3 of the Indictment that POLLARD received child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1), such that:

   a. the Defendant knowingly received a visual depiction;

   b. the depiction was shipping or transported in interstate or foreign commerce by any means including by computer;

   c. producing the visual depiction involved using a minor engaged in sexually explicit conduct;

   d. the depiction is of a minor engaged in sexually explicit conduct; and

   e. the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

19. Based upon these facts and other information known to the parties, the defendant agrees that had this case gone to trial the government would have been able to prove beyond a reasonable doubt, as to Counts 4 and 5 of the Indictment that POLLARD distributed child pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1), such that:

   a. the Defendant knowingly distributed a visual depiction;

   b. the depiction was shipping or transported in interstate or foreign commerce by any means including by computer;

   c. producing the visual depiction involved using a minor engaged in sexually explicit conduct;

   d. the depiction is of a minor engaged in sexually explicit conduct; and

   e. the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

20. Based upon these facts and other information known to the parties, the defendant agrees that had this case gone to trial the government would have been able to prove beyond a

reasonable doubt, as to Count 6 of the Indictment that POLLARD possessed child pornography, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) on June 3, 2021.

    a. the defendant knowingly possessed one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct;

    b. the items of child pornography had been transported interstate or foreign commerce including by computer;

    c. the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct; and

    d. the defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

JUAN ANTONIO GONZALEZ  
ACTING UNITED STATES ATTORNEY

Date: 9/29/2021

By: _____  
GREGORY SCHILLER  
ASSISTANT UNITED STATES ATTORNEY

Date: 9/29/21

By: _____  
SCOTT BERRY, ESQ.  
ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 9/29/21

By: _____  
DENNIS POLLARD  
DEFENDANT